Our fifth case for this morning is Bultasa Buddhist Temple v. Duke. Ms. Shepard. Good morning, your honors. May it please the court. My name is Shannon Shepard. I'm here on behalf of the plaintiff's appellants, the Bultasa Buddhist Temple. Your honors, if ever a case existed exemplifying why certain agency actions shouldn't be left to their unfettered discretion, this is it. But you have to, I mean, I agree with that in a way, but it seems like a black mark on a lot of people. But on the other hand, we have section 1252 A to B. This is a judgment regarding the grant of relief under section 1255. And so unless you have some theory for overcoming what appears to be pretty clear jurisdictional language in that statute, no court shall have jurisdiction to review, how does one overcome that? Or is this a situation sort of suggested by this letter we had filed last week, that if she ever faces removal, there might be a different forum before which she can raise these claims. I'm thinking that the government should be equitably estopped, heaven knows what. But if we have no jurisdiction to rule in the case, why isn't our only option simply to dismiss for want of jurisdiction? Or to order that it should have been dismissed by the district court, to be more accurate. We have appellate jurisdiction. And then to wait for the removal proceeding, where sub D kicks in and constitutional issues can be considered. Well, to address that, Your Honor, the immigration court in removal proceedings would not have jurisdiction to review the visa petition denial or revocation. Are you sure about that? There is some law on that issue, although it dealt with U visas, but it's actually favorable to you on that issue. I believe Your Honor is referring to whether judges could review certain waivers with respect to U visas. But there isn't a process other than the process through which we have already gone with our client, which was to file an administrative appeal of the denial of the I 360 petition. And after that, the agency actually did reopen and approve the petition back in 2013, only to then later come back after denying the adjustment of status and move start proceedings to revoke the visa petition. So the immigration court would not have the jurisdiction, at least as far as jurisprudence goes so far, to review that. The way I think that... We'll allow you to rethink that if there are ever removal proceedings. Because when Congress put the, what I'll almost call, safety valve, when Congress added subpart capital D to the statute, it was in response to concerns that there were simply no way to raise various kinds of legal arguments. And if all of these things had happened the way they were supposed to, if the agency hadn't sat on the petition for three years and if they hadn't failed to have the period of eligibility go back to the correct date and all the other failures it had, she probably wouldn't be removable, right? So she wouldn't be in a situation where her status would have led to removal. Nobody has said that she has any kind of moral turpitude problems or all the other kinds of problems that some people wind up having. That's right, Your Honor. And this court has actually said that egregious administrative irregularities or violations can amount to a constitutional violation of due process. And there are even the immigration laws and statutes. I mean, her experience is worse than throwing darts at the wall. I mean, it's really shocking. I agree, Your Honor. And the agency has focused, of course, on the revocation issue and whether the district court had jurisdiction to review the revocation without looking at the entire record and seeing that the sole basis for the revocation was caused by the agency's own delay. But the problem with that is that that's a merits argument. So I'll go back to the first point I made. We have to get over the bar on the district court's jurisdiction before somebody can do something about the problem that you've identified. Yes, and the statute does say that. It doesn't say unless they've really messed up, you know, which maybe it could have done. Well, yes, I wish it did say that, Your Honor. I haven't found that language yet. No, the statute does say that the secretary in this case can revoke at any time, but it also includes for what they deem to be good and sufficient cause. And Congress could not have anticipated that the agency would consider its own mishandling of the case to be good and sufficient cause. And that's where we get back to this is actually an issue of due process. You think Congress was unaware that bureaucratic incompetence occasionally arises in the Secretary of Homeland Security's offices? I'm sure they are aware of that, Your Honor, but that's why they would include a phrase such as good and sufficient cause. That does give us some base standard by which we can look at whether the revocation was legally sound. And in this case, you know, there's no basis that wasn't caused by USCIS's own mishandling and delay in this case. Right. So the other question I would have is, you know, the second part of 1252 talks about any other decision within the discretion of the attorney general or the secretary. And this court has not gone down this path, but some have thought that this means that there's a role for courts to define the boundaries of discretion and hands are off within those boundaries but that there's a possibility of abusive discretion review. And as I say, our law has not, in the Seventh Circuit, gone down that path. But I think in the Ninth they have and some of the others. Yes, Your Honor. The Ninth Circuit case, which we did cite in our brief, does suggest, as I was saying, that the good and sufficient cause does provide at least some boundary which a court could review. This court has also left the door open in, for example, the Holy Virgin case, which I believe you were the author of that decision. But at the very end of that decision, the court found that or the court stated something to the effect of, hopefully we won't have to reach the day where we're determining that a revocation was based on religion or ethnicity or something like that. Right. But the person was unsuccessful in that case. You know, we followed our normal rule. Because there were other factors in that case that are distinguishable from this case. And I don't see anything in this case, as I say, other than gross bureaucratic incompetence. I don't see any constitutionally forbidden factor bubbling up. Because, Your Honor, the agency in making this revocation determination only looked at the exact amount of time before the I-360 was filed. They didn't look at their own delays, their own mishandling of the file. I agree. And it's just a case where this is such an egregious violation, their failure to consider the record, their failure to apply their own regulations about the no-fault exception, and their failure, even their own policy, which states that you can use previous experience if there's a gap that was beyond the control. Okay. I'd like to save my time. Sure. Thank you. Thank you. Mr. Hollis. Good morning, Your Honors. May it please the Court, Christopher Hollis on behalf of defendants. As Your Honor pointed out, there is a lengthy administrative history here. But as you also pointed out, that's not enough to get around the jurisdictional bar that we have with the discretion that we have. At this moment, what do you think about what happens in a removal proceeding? Do these issues come back in given sub D and the judicial power to consider constitutional questions? I think that before, upon a notice to appear in removal proceedings, yes, this matter can be revisited. The adjustment of status can be revisited, certainly. So the government would not take the position that Ms. Shepard believed has been the government's position, that these matters are not reviewable in the context of a removal proceeding to start with, before an immigration judge, before the Board of Immigration Appeals, and ultimately in a petition to review before this court where 1252D comes in. I wouldn't want to speak for the IJ, but that would be for the immigration judge to decide whether it's . . . But it makes a big difference because if there's another avenue . . . It does. If there's another avenue, then one has at least the illusion that we're running a respectable system, you know, so that people can raise points at some place because what happened here . . . I'm actually a little bit surprised that the government is defending this because the power of the Secretary of Homeland Security and the Attorney General to grant discretionary relief is quite broad. And so if they looked at this and said, we have really failed as an agency in this particular situation, they could easily fix it. And here you are instead trying to say that losing things for three years and messing up on effective dates and doing all kinds of other things are all things that we just have to live with. Well, Your Honor, there's sort of an X factor in this entire case, and that is what transpired in a phone call with Citizenship and Immigration Services, and that is . . . simply done something with the I-129 application within a timely manner gets assigned to California and drifts off into an alternative universe for a while. To the extent that the Court wants to discuss what the basis for that delay was, I can represent that at the time Citizenship and Immigration Services had discovered fraud in the religious . . . Had what? Had discovered fraud in the religious worker visa context and had begun . . . But not for this woman. No, there's no allegations of that, Your Honor. No, no, there's no allegation of fraud in her case. No, we're aware of, unfortunately, the broad outlines of this. But to get back to Judge Easterbrook's point, it would make a big difference to me if I thought, if in response to this letter that you filed, that they're investigating the circumstances surrounding USCIS approval of the visa petition in September 2013, if that would open the door to a respectable evaluation of what happened, where she could raise her arguments about the agency's promises, where some sort of relief would be possible, that would be one thing. If the agency's going to slam the door in her face, then it strikes me as another thing. Your Honor, I unfortunately have, and this is not the answer that the court would like, I unfortunately have no further information about the nature of that internal investigation that I referenced in that letter. I filed that letter the day after I learned about it. But we appreciate that, certainly. And another point that I'm certain the court and plaintiffs would . . . Let me add one more possibility to what Chief Judge Wood has mentioned. There seem to me three possibilities for relief here. One is discretionary action by the Secretary, which I'm surprised we haven't seen. The second is potential review in a removal proceeding under sub D. And the third is a private bill. Has the Secretary suggested that these petitioners be benefits of private legislation? I'm sorry, Your Honor, could you repeat that? The third option is private legislation. You're familiar with private bills. You know what that is, I hope. No, I'm not, Your Honor. Oh, dear. So I guess we won't be discussing that. You should raise that to your superiors. Thank you, Your Honor. Congress has the power to pass a bill that addresses one particular person's situation. These are typically called private bills. There are more private bills every year than there are public laws. This might be an occasion for one of them. Your Honor, I will look into that. As far as the hurdle to jurisdiction, though, I'd like to get back to that, Your Honors. And, Your Honor, Judge Wood, you yourself in Holy Virgin. We all write for the court. Yes, Your Honor. I may have happened to have. We have not found. If you take a look at Holy Virgin, the bottom line, the final holding in that case, is that the court is unable to review the procedure that took place before CIS in reaching their decision, whatever that decision might be. The court is unable to, has no jurisdiction to review the facts. The court has no jurisdiction to review the process and the handling by CIS, by USCIS. And I understand, Your Honors, that the administrative history here does leave a lot to be desired, but that's not something that we even explored before the district court, and it's not something that's. . . But it's part of the broad picture. That's why we're talking about these other things. This is outrageous, you know, and for the government to choose, instead of fixing it, to take an appeal and dig your heels in is discouraging. In all sincerity, Your Honors, I did speak with my client about this, and that was not an option for them. And the response from Citizenship and Immigration Services is that there was a basis for the denial of the 360 petition, and that was that there was a lack of continuous two years' work experience. And they completely ignore the alternative way to show the work experience, and they also completely ignore that the reason for the two-year problem was based in their own failure to give her the temporary status that would have allowed her to get the Social Security number so that she could have had the two years' experience. And, you know, it depends when you jump into the story, but if you jump into the story halfway through, then, yes, she doesn't have the two years. Well, Your Honors, Citizenship and Immigration Services' response to that would be that when the second I-129 petition expired on October 23, 2011, a better move would have been for Plaintiff's Counsel to file for an extension of that I-129 and to file her I-360 at that time. And that's something that I reference. You say that in your brief. I gather there's some dispute about whether these are extendable, though. So surely you're not arguing that she had the duty to take a futile act. I don't know that it would be futile, Your Honor. Well, there's some debate about that. I mean, it's not, again, it's not good. If you're going to propose a possible solution, such as removal proceedings or something, you don't want to propose it, you know, with your fingers crossed behind your back, knowing that you're just going to reject it once it comes. As far as, and this is circling back to the potential relief for these plaintiffs, Your Honor. As far as that goes, all that I can represent is before the immigration judge, plaintiffs can raise their adjustment of status, and as far as the outcome of this letter is concerned, I have no further information. Okay. As far as that goes, Your Honor, and I wouldn't want to make any misrepresentations at this point. Sure. Okay. I'd just like to close that this court has twice held that 8 U.S.C. 1155 and 1252 B2 coupled together preclude review of a visa petition revocation decision, and as far as the adjustment of status goes here, this is a unique situation. This visa petition in I-360 requires the grant, excuse me, requires the approval of a visa petition before an adjustment of status can even be filed, and so to the extent that any allegations of retaliation are on the table, the response would be that the 360 petition has to have been granted before you can even file an I-45, and that's the basis for the government's defense of the adjustment of status denial here, Your Honor. Any further questions from the court? I see none, so thank you very much. Thank you, Your Honors. Ms. Shepherd. Thank you, Your Honors. Just to address whether the beneficiary could have extended her R-1 petition one more time, she absolutely could not have. The statute is clear that one can only have five years in R-1 status, and after five years one either has to have filed for adjustment of status in a 360 or has to return to or go outside of the United States for at least one year. So that's statutory. That's clear she could not have done that, which is why we chose instead to rely on the service's own regulation and longstanding policy that you could use prior experience from before the two years, immediately preceding the filing, if the break was through no fault of the respondents, or the beneficiaries, rather. In this case, it clearly was not through her fault. And I would just also like to mention again that our case is distinguishable from the two major cases on point in the Seventh Circuit, the Al-Qaeda and the Holy Virgin cases, because this case is so egregious in terms of the administrative errors and the agency's failure to look at its own actions and the entire record that it does amount to a violation of due process, and that shouldn't slam the door on judicial review. All right. Thank you very much. Thank you. Thanks to both counsel. We'll take the case under advisement.